UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ELENA GUTIERREZ,

    Plaintiff,

v.

LINCOLN PROPERTY MANAGEMENT, LLC,
a Florida Limited Liability Company,
WSE PROPERTY MANAGEMENT, LLC,
a Georgia Limited Liability Company, and
FELIX HERNANDEZ, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff, ELENA GUTIERREZ ("Plaintiff"), hereby sues Defendants, LINCOLN PROPERTY MANAGEMENT, LLC ("Lincoln"), WSE PROPERTY MANAGEMENT, LLC ("WSE") and FELIX HERNANDEZ ("Hernandez"), (collectively referred to hereinafter as "Defendants"), and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. This is an action by Plaintiff for damages in excess of $75,000.00, interest, and attorneys' fees and costs.

2. Plaintiff is an individual over the age of eighteen (18) and is otherwise *sui juris*.

3. Defendant Lincoln is a Florida limited liability company with a principal place of business in Broward County, Florida.

4. Defendant WSE is a Georgia limited liability company and conducts business in Broward County, Florida.

1 | P a g e

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S. Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

5.  Defendant Hernandez is an individual over the age of 18 and is otherwise *sui juris*.

6.  During the relevant period, Plaintiff was controlled by Defendants.

7.  During the relevant period, Defendants set Plaintiff's schedule and delegated assignments.

8.  During the relevant period, Plaintiff reported to Defendants' management, comprised of Hernandez and Ms. Adrianna Antepara ("Ms. Antepara").

9.  Plaintiff was employed by Defendants in Broward County, Florida.

10. Venue is proper in this Court because Defendants conduct business in Broward County, Florida, employed Plaintiff in Broward County, Florida, and the claims arose within Broward County, Florida.

11. All conditions precedent for the filing of this action before this Court have been previously met.

## GENERAL ALLEGATIONS

12. At all times material hereto, Defendants were, and continue to be, "employers" within the meaning of 29 U.S.C. § 203 (d).

13. At all times material hereto, Plaintiff was an "employee" within the meaning of the Fair Labor Standards Act ("FLSA").

14. At all times material hereto, Defendants were "employers" within the meaning of the FLSA.

15. Upon information and belief, Defendants' annual gross income significantly exceeds the $500,000 annual income threshold set for enterprise coverage under the FLSA.

16. At all relevant times, Defendants employed two or more employees that customarily, continually, and regularly handled goods and materials that i) were purchased from a

2 | P a g e

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S. Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

17. Upon information and belief, Defendants obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do business, transmitted funds outside of the State of Florida and used electronic means to market and run their business internationally (i.e., sales).

18. Defendants provided materials and supplies to be used by Plaintiff when performing work for Defendants.

19. Defendants, at all material and relevant times, were engaged in interstate commerce and subject to enterprise coverage under the FLSA.

20. Upon information and belief, Defendant Lincoln, Defendant WSE and Defendant Hernandez are considered joint employers, co-employers and/or involved in joint enterprise at all times relevant hereto.

## BACKGROUND

21. Plaintiff worked for Defendant Lincoln (formerly known as "The Worthing Companies") from 2001, until her unlawful, retaliatory termination in and around December 2019.

22. Plaintiff was given the job title of "Housekeeper."

23. Defendant Mr. Hernandez was directly involved in the day-to-day operations of the business for Defendant Lincoln, which included Plaintiff's employment duties and responsibilities.

24. Defendant WSE was the payor institution listed on Plaintiff's Earnings Statements.

25. Plaintiff customarily and regularly worked over 40 hours a week for Defendants.

26. Defendants, however, never paid Plaintiff at time-and-a-half her regular rate of pay as required by the Fair Labor Standards Act ("FLSA").

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S. Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

27. Plaintiff worked long, arduous hours and time on-call—hours that regularly exceeded 40 hours a week.

28. Plaintiff complained about and objected to Defendants' illegal pay policies to Defendant Hernandez and Ms. Antepara.

29. Plaintiff further complained about unauthorized deductions and automatic lunch deductions to her compensation regardless of whether Plaintiff took a lunch break.

30. Plaintiff was told by Defendant Hernandez and Ms. Antepara that if she did not like it, then they could find cheaper help.

31. Plaintiff feared retaliation by Defendant Lincoln, Defendant Hernandez and/or Ms. Antepara each time she levied complaints about her compensation and the Company's pay practices and policies.

32. Shortly after her final complaint to Defendants' management about improper compensation and illegal pay practices, Plaintiff was retaliatorily terminated by Defendants in December 2019[1].

33. Any reasons proffered by Defendants to justify Plaintiff's unlawful termination is nothing more than mere pretext.

## Count I

## UNPAID OVERTIME VIOLATION AGAINST LINCOLN UNDER THE FLSA

34. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 33 as if fully set forth herein.

---

[1] As additional evidence of retaliatory animus, Plaintiff was terminated just two (2) months after dual-filing her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") on October 1, 2019.

35. Upon information and belief, the annual volume of sales or business for Defendants exceeded $500,000 during each calendar year of the relevant period.

36. As part of its business, Defendants sold goods and materials that traveled through interstate commerce during the relevant period.

37. During the relevant period, Defendants obtained and solicited funds from non-Florida sources (*i.e.,* sales), accepted funds from non-Florida sources, used telephonic and electronic means to market and conduct business outside of the State of Florida, used telephonic and electronic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce.

38. During the relevant period, Defendants, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments that were made or processed in connection with sales made inside and outside the state of Florida.

39. Defendants engaged in interstate commerce and was subject to the FLSA during all relevant periods.

40. During Plaintiff's employment with Defendants, Plaintiff customarily and regularly worked over forty (40) hours per week.

41. Despite customarily and regularly working overtime hours, and with knowledge of these overtime hours, Defendants never compensated Plaintiff at the rate of time-and-a-half for all overtime hours worked.

42. Defendants intentionally refused to pay Plaintiff overtime wages she is owed under the FLSA.

43. Defendants are in violation of the FLSA and owes Plaintiff backpay.

5 | P a g e
PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S. Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

44. In addition, Defendants are liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment against Defendant LINCOLN under the FLSA;

b. Award Plaintiff actual damages for the unpaid overtime wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## Count II
## FLSA RETALIATION (LINCOLN)

45. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 33 above as if fully set forth herein.

46. Plaintiff was an employee of Defendants during the relevant period as defined by the FLSA.

47. Plaintiff engaged in various instances of protected activity by objecting to Defendants' failure to pay Plaintiff wages required by the FLSA.

48. Plaintiff complained about and objected to Defendant's illegal pay policies to Defendant Hernandez and Ms. Antepara on several occasions.

49. Defendants retaliated against Plaintiff for engaging in such protected activity, including by terminating Plaintiff's employment with Defendants.

6 | P a g e

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S. Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

50. Plaintiff has suffered mental and emotional distress because of Defendants' retaliatory conduct.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Defendant LINCOLN under the FLSA;

b. Award Plaintiff actual damages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff compensatory damages for mental and emotional distress;

e. Award Plaintiff her attorneys' fees and costs;

f. Award Plaintiff all recoverable interest; and

g. Award any other relief this Honorable Court deems just and proper.

## Count III

### UNPAID OVERTIME VIOLATION AGAINST WSE UNDER THE FLSA

51. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 33 as if fully set forth herein.

52. Upon information and belief, the annual volume of sales or business for Defendants exceeded $500,000 during each calendar year of the relevant period.

53. As part of its business, Defendants sold goods and materials that traveled through interstate commerce during the relevant period.

54. During the relevant period, Defendants obtained and solicited funds from non-Florida sources (*i.e.,* sales), accepted funds from non-Florida sources, used telephonic and electronic means to market and conduct business outside of the State of Florida, used telephonic and electronic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce.

7 | P a g e

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S. Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

55. During the relevant period, Defendants, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments that were made or processed in connection with sales made inside and outside the state of Florida.

56. Defendants engaged in interstate commerce and was subject to the FLSA during all relevant periods.

57. During Plaintiff's employment with Defendants, Plaintiff customarily and regularly worked over forty (40) hours per week.

58. Despite customarily and regularly working overtime hours, and with knowledge of these overtime hours, Defendants never compensated Plaintiff at the rate of time-and-a-half for all overtime hours worked.

59. Defendants intentionally refused to pay Plaintiff overtime wages she is owed under the FLSA.

60. Defendants are in violation of the FLSA and owes Plaintiff backpay.

61. In addition, Defendants are liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

g. Enter judgment against Defendant WSE under the FLSA;

h. Award Plaintiff actual damages for the unpaid overtime wages;

i. Award Plaintiff liquidated damages;

j. Award Plaintiff attorneys' fees and costs;

k. Award Plaintiff all recoverable interest; and

l. Award any other relief this Honorable Court deems just and proper.

8 | P a g e

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S. Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

## Count IV
## FLSA RETALIATION (WSE)

62. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 33 above as if fully set forth herein.

63. Plaintiff was an employee of Defendants during the relevant period as defined by the FLSA.

64. Plaintiff engaged in various instances of protected activity by objecting to Defendants' failure to pay Plaintiff wages required by the FLSA.

65. Plaintiff complained about and objected to Defendants' illegal pay policies to Defendant Hernandez and Ms. Antepara on several occasions.

66. Defendants retaliated against Plaintiff for engaging in such protected activity, including by terminating Plaintiff's employment with Defendants.

67. Plaintiff has suffered mental and emotional distress because of Defendants' retaliatory conduct.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Defendant WSE under the FLSA;

b. Award Plaintiff actual damages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff compensatory damages for mental and emotional distress;

e. Award Plaintiff her attorneys' fees and costs;

f. Award Plaintiff all recoverable interest; and

g. Award any other relief this Honorable Court deems just and proper.

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S. Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

## Count V

## UNPAID OVERTIME VIOLATION AGAINST HERNANDEZ UNDER THE FLSA

68. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 33 as if fully set forth herein.

69. Upon information and belief, the annual volume of sales or business for Defendants exceeded $500,000 during each calendar year of the relevant period.

70. As part of its business, Defendants sold goods and materials that traveled through interstate commerce during the relevant period.

71. During the relevant period, Defendants obtained and solicited funds from non-Florida sources (*i.e.,* sales), accepted funds from non-Florida sources, used telephonic and electronic means to market and conduct business outside of the State of Florida, used telephonic and electronic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce.

72. During the relevant period, Defendants, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments that were made or processed in connection with sales made inside and outside the state of Florida.

73. Defendants engaged in interstate commerce and was subject to the FLSA during all relevant periods.

74. During Plaintiff's employment with Defendants, Plaintiff customarily and regularly worked over forty (40) hours per week.

75. Despite customarily and regularly working overtime hours, and with knowledge of these overtime hours, Defendants never compensated Plaintiff at the rate of time-and-a-half for all overtime hours worked.

10 | Page

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S. Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

76. Defendants intentionally refused to pay Plaintiff overtime wages she is owed under the FLSA.

77. Defendants are in violation of the FLSA and owes Plaintiff backpay.

78. In addition, Defendants are liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

m. Enter judgment against Defendant HERNANDEZ under the FLSA;

n. Award Plaintiff actual damages for the unpaid overtime wages;

o. Award Plaintiff liquidated damages;

p. Award Plaintiff attorneys' fees and costs;

q. Award Plaintiff all recoverable interest; and

r. Award any other relief this Honorable Court deems just and proper.

<u>**Count VI**</u>
<u>**FLSA RETALIATION (HERNANDEZ)**</u>

79. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 33 above as if fully set forth herein.

80. Plaintiff was an employee of Defendants during the relevant period as defined by the FLSA.

81. Plaintiff engaged in various instances of protected activity by objecting to Defendants' failure to pay Plaintiff wages required by the FLSA.

82. Plaintiff complained about and objected to Defendants' illegal pay policies to Defendant Hernandez and Ms. Antepara on several occasions.

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S. Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

83. Defendants retaliated against Plaintiff for engaging in such protected activity, including by terminating Plaintiff's employment with Defendants.

84. Plaintiff has suffered mental and emotional distress because of Defendants' retaliatory conduct.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Defendant HERNANDEZ under the FLSA;

b. Award Plaintiff actual damages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff compensatory damages for mental and emotional distress;

e. Award Plaintiff her attorneys' fees and costs;

f. Award Plaintiff all recoverable interest; and

g. Award any other relief this Honorable Court deems just and proper.

## JURY TRIAL

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

Dated: May 23, 2021.

                                             Respectfully submitted,

By: */s/ J. Freddy Perera*
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pba-law.com
Alexander T. Harne, Esq.
Florida Bar No. 126932
harne@pba-law.com
**PERERA ALEMAN, P.A.**
12555 Orange Drive, Second Floor
Davie, Florida 33330
Telephone: 786-485-5232

12 | P a g e

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 S. Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com